UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNELL AVERY DENHAM,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 18-CV-1383-RSL

ORDER ON MOTION TO
VACATE, SET ASIDE OR
CORRECT SENTENCE AND
MOTION FOR SUMMARY
JUDGMENT

This matter comes before the Court on petitioner Lynell Avery Denham's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody," Dkt. #1 ("the Motion"). Petitioner pled guilty to four counts of bank robbery and one count of being a felon in possession of a firearm, and was sentenced on April 9, 2010 to 56 and a half months and 3 years of supervised release, to run concurrent with the King County Superior Court's sentence in Case No. 07-1-09420-9. See United States of America v. Denham, Case No. 2:08-CR-248-RSL (W.D. Wash.) at Dkt. #85; Dkt. #120. On December 12, 2016, his probation officer submitted a violation report regarding four violations committed by petitioner while on supervised release. With regard to violations 1, 2 and 4, the officer stated that petitioner had failed to report for urinalysis, failed to report to the officer, and failed to comply with a cognitive behavioral program. Id. at Dkt. #152 at 1-2. With regard to violation 3, the officer stated that petitioner had committed the crime of trafficking stolen property. Id. at 2. The officer had learned on December 12, 2016 that the Kirkland Police Department was investigating petitioner for the burglary of a jewelry store and the trafficking of stolen property. Id. A warrant

was issued on December 21, 2016. Id. at Dkt. #153. Petitioner was arrested on April 26, 2017, and he initially denied all of the allegations. Id. at Dkt. #156; Dkt. #157. On May 12, 2017, petitioner admitted to violations 1, 2 and 4. Id. at Dkt. #158. The Court continued the hearing on violation 3 to allow time for charges to be filed and heard in the King County Superior Court. Id.; see id. at Dkt. #173 at 1. On June 15, 2018, petitioner was convicted by the King County Superior Court in Case No. 17-1-06567-2 ("State Court Case") of burglary and trafficking in stolen property, and was sentenced to 78 months. Id. at Dkt. # 173 at 2. The probation department accordingly filed a Notice of Supplemental Violations for petitioner's fifth violation of committing the offense of burglary in the second degree. Id. at Dkt. #176. On July 13, 2018, petitioner was adjudicated guilty on all five violations (he denied guilt on violations 3 and 5) and sentenced to 24 months, to run concurrent with the King County Superior Court's sentence, with credit for time served. Id. at Dkt. #179. It is with regard to that sentence that his motion under 28 U.S.C. § 2255 was filed on September 17, 2018. Dkt. #1.

Preliminarily, petitioner's Motion is not signed. See Dkt. #1 at 13. "Every pleading, written motion, and other paper must be signed by … a party personally if the party is unrepresented." Fed. R. Civ. P. 11. The Court will, however, address the Motion on its merits.

A prisoner in custody may move the Court that imposed a sentence to vacate, set aside or correct that sentence on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 15 U.S.C. § 2255(a).

Petitioner's Motion, however, is not an attack on the sentence. Dkt. #1. It is an attack on the underlying conviction by the King County Superior Court that led to his revocation of probation on two violations of committing burglary and trafficking stolen property. He lists four grounds for his Motion. First, under "Unlawful imprisonment," he states that a Kirkland police detective "deceitfully informed [his probation officer] that [he] was trafficking in stolen property in connection with a burglary" and that he was sentenced on revocation of probation to 24

months (concurrent with the 78 months in his State Court Case) "despite the lack of evidence that [he] committed [those] acts." Dkt. #1 at 4. Second, under "Selective enforcement; prosecution; 14th amend[ment]," he argues that there was racial bias in his prosecution before and conviction by the King County Superior Court. Id. at 5. Third, under "Fabricated evidence 'Deveraux' claim," he states that the search warrant affidavit submitted by Detective Allan O'Neill ("Detective O'Neill") to Judge Ken Schubert of the King County Superior Court on December 22, 2016, contained false information. Id. #1 at 7. In particular, Detective O'Neill stated that "there was probable cause for [petitioner's] arrest for [the] crimes, in the absence of: fingerprints, DNA physical evidence, informants, eyewitness accounts, fibers, surveillance, party admission, hearsay." Id. Fourth, under "Judicial deception/'Franks' violation," he reiterates that Detective O'Neill, "despite the exculpatory evidence [that he had] assembled and amassed . . . caus[ed] the [search] warrant's issuance in the absence of evidence." Id. at 8.

In addition to an attached memorandum that sets out these arguments in further detail, Dkt. #180-1, petitioner submitted copies of police reports, Dkt. #180-2 at 3-11; Detective O'Neill's application for the search warrant, id. at 12-24; receipts, including one for an item that petitioner was convicted of stealing (a 5.39 carat diamond), id. at 25, 84; various witness statements, id. at 26-28, 85; a complaint drafted by petitioner against Detective O'Neill on June 24, 2018, id. at 29-42; two motions drafted by him for his State Court Case, id. at 43-54, 75-77; a charging document filed by the prosecution in the State Court Case, id. at 55-56; a motion drafted by him for Case No. 2:08-CR-248-RSL (W.D. Wash.) before this Court, id. at 57-74;[1] case law, id. at 78-83, and a letter to the Court, Dkt. #180-3.

A petitioner can challenge a sentence that revokes his probation under 28 U.S.C. § 2255 if it is given by the Court that originally sentenced him. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991). But that is not what petitioner is doing. He does not allege that *this Court's*

---

[1] It is unclear whether the complaint and three motions—or versions of them—were actually filed in court. See Dkt. #180-2 at 29, 43, 57, 77. Regardless, the Court has treated them as part of defendant's submissions.

sentence was in violation of the Constitution or laws of the United States (except in so far as he attacks the conviction in the State Court Case on which it was partly based). He does not allege that this Court lacked jurisdiction to sentence him. He does not argue that the revocation of probation for 24 months, with credit for time served, was in excess of the maximum sentence authorized by law. See 28 U.S.C. § 2255(a); see for e.g. United States v. Redd, 759 F.2d 699 (9th Cir. 1985); United States v. Castro-Verdugo, 750 F.3d 1065, 1067 (9th Cir. 2014). Indeed, he does not attack the validity of the Court's sentence at all. See Dkt. #1. Rather, petitioner's argument is that he was convicted of burglary and trafficking in stolen property despite a lack of evidence and/or fabricated evidence in the King County Superior Court. Dkt. #1. That is not a basis on which to grant the remedy under 28 U.S.C. § 2255 in this Court. Petitioner also filed two memoranda, Dkt. #6, #8, a motion for summary judgment, Dkt. #7, and a letter to the Court. Dkt. #9. These, too, only attack the conviction in his State Court Case.

For the foregoing reasons, petitioner's Motion is DENIED. The remainder of petitioner's filings, including his motion for summary judgment, Dkt. #7, are DENIED as moot to the extent that they request any relief.

DATED this 26th day of December, 2018.


Robert S. Lasnik
United States District Judge